J. D. BOWLAND, *Appellee*, v. THE McDONALD INDEPENDENT TELEPHONE COMPANY, *Appellant*.

No. 16,393.

SYLLABUS BY THE COURT.

1. HIGHWAYS—*Secondary Evidence of Existence—Road Records Destroyed.* In December, 1905, the records of Rawlins county, including the road records, were destroyed by fire. In an action in the district court, where the only question involved was whether a certain section-line road in that county is sixty feet or only forty feet wide, the defendant sought by secondary evidence to show that a sixty-foot road had been established along the line, that it had been traveled by the public ever since the year 1886, and had been worked at public expense long prior to 1897. *Held*, error to exclude the testimony. The destruction of the road records having been shown, the evidence offered for the purpose of proving the existence of a sixty-foot road was the best evidence that could be obtained.

2. ——— *Establishment—Existing Road Not Vacated.* Where a public road sixty feet wide has been legally established on a section line, and no proceedings have been taken to vacate any part of the same, the board of county commissioners has no authority to grant a petition establishing on the same line a road forty feet wide.

Appeal from Rawlins district court; WILLIAM H. PRATT, judge. Opinion filed March 12, 1910. Reversed.

*M. A. Wilson*, and *Gomer Thomas*, for the appellant.
*J. P. Noble*, and *Fred Robertson*, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The plaintiff brought this action in forcible detention, alleging that he is the owner of lands in Rawlins county, consisting of 240 acres, and that the defendant unlawfully and forcibly keeps him out of the possession of a strip of land seven feet wide along the north side thereof. The defendant is a Kansas corporation, engaged in conducting a telephone business, and claims that the strip of land in question is a part of a public highway, and that it has a right to place its telephone poles there so long as the same do not materially interfere with public travel. The case was tried to a jury, and at the close of the evidence the court instructed a verdict for the plaintiff. Judgment was rendered upon the verdict, and the defendant appeals.

The plaintiff attempted to prove that the road in question is forty feet wide and that the defendant had placed its poles on a line seven feet outside of the same, and on his land. It was the contention of the defendant that the poles were in the road and that the road is sixty feet wide. The plaintiff introduced the record of proceedings before the board of county commissioners upon a petition of his own for the establishment of a road forty feet wide. An order was granted in compliance with the petition, and was dated July 5, 1907. If the road is sixty feet in width, then the line of telephone poles is in the highway, and judgment should have been rendered for the defendant. Under the provisions of sections 1252 (Laws 1885, ch. 104, § 2) and 1342 (Gen. Stat. 1868, ch. 23, § 74) of the General Statutes of 1901 the defendant has the right to place its poles in public highways. (*Wichita v. Telephone Co.*, 70 Kan. 441.) If, on the other hand, the contention of the plaintiff is correct, and the road is forty feet wide, the line of poles is seven feet off the highway and on the land of the plaintiff, so that the whole question at issue was the width of the road as legally established.

One claim of the defendant is that the highway was established by law and that it was unnecessary to show proceedings for laying out the same upon petition. The law relied upon is chapter 215 of the Laws of 1887. Section 1 of that act reads as follows:

"That all section lines in the counties of Graham, Rawlins, Ness, Lane, Stafford, Decatur, Thomas, Sherman and Trego, in the state of Kansas, be and the same are hereby declared to be public highways, and to be of the width of sixty feet."

The defendant also relied upon the provisions of chapter 176 of the Laws of 1897, entitled "An act to legalize certain roads in Rawlins county." The first section of that act reads as follows:

"That all roads and highways on section lines in Rawlins county that have been opened by order of any of the road overseers and work done under any of said road overseer's supervision and at the public expense, prior to the first day of January, 1897, are hereby declared to be legally established, notwithstanding some omissions or irregularities."

Section 2 provides that the road overseer shall make report to the county clerk of such roads in his district, giving the location and full description of the same, on or before November 20, 1898, and the county clerk is required to make a record of such roads; that such roads shall be thereafter public highways through such districts, and the records of the county clerk shall be competent evidence of the validity and existence thereof, the same as if a full and complete record of the proper notices and other papers required to be recorded had been made and entered upon the journal of the board of county commissioners.

The records of Rawlins county, including the road records, were destroyed by fire December 5, 1905. The defendant, therefore, sought by secondary evidence to show that from 1886 a sixty-foot road had been established along this line. The principal claim of error is that the court ruled out its evidence offered for that

purpose.  The defendant first offered in evidence what
is known as the George A. Ogle atlas of Rawlins county,
containing a plat of the township where the land in
controversy is located showing this road to be sixty
feet wide, and also offered to prove by the person who
claimed to have made the plat for the publishers of
the atlas that he made it from the original road records
before they were destroyed.  An objection to the evi-
dence was sustained.  The defendant also offered evi-
dence for the purpose of showing that this road, sixty
feet in width, had been worked at the public expense
long prior to 1897, and had been traveled by the public
since the year 1886; and then contended that, having
proved this condition, there is a presumption that the
road overseer of that district as well as the county
clerk had performed their several duties under the act
of 1897.  The court refused to permit the proof.  It
was manifest error to exclude the testimony.  The de-
struction of the road records of the county having
been shown, the evidence offered by the defendant for
the purpose of proving the existence of a sixty-foot
road was clearly the best evidence that could be ob-
tained.

It was not the intention of the legislature that sec-
tion-line roads should be actually established by the
mere declaration of the act of 1887; it required in addi-
tion thereto some action on the part of the proper au-
thorities opening the road to public use.  This is mani-
fest by the language of section 3, which allows damages
to the owner of land on either side of such section
lines, but requires that the claim shall be presented
within one year after the road is actually "opened to
public use over and upon his land."  (Laws 1887, ch.
215, § 3.)  A claim for damages presented before the
road has actually been opened to public use would be
premature.  It was, however, the purpose of the leg-
islature to do away with the necessity of a petition to
open a public road along any section line in the coun-

ties named, and to declare that such roads when opened should be sixty feet in width.

The act of 1897 was an enabling act curing omissions and irregularities in the action of the authorities opening such roads. The evidence which was excluded tended at least to establish that this section-line road had been opened and worked by the road overseer at public expense prior to 1897, and that it was sixty feet wide. If this were true, and if the road overseer had complied with the provisions of the act of 1897 and had reported the road to the county clerk, and the county clerk had made the record which that act provided he should make, the defendant could have established its contention by bringing in the records. Since the records were destroyed, the defendant should have been permitted to prove the facts by secondary evidence; and proof that the road had in fact been opened and worked at public expense would have tended to establish the existence of a legal road such as the defendant claimed. Apparently the trial court proceeded upon the theory that because the plaintiff had proved the granting of his petition in 1907 for a forty-foot road it was not competent for the defendant to prove that long prior thereto a public road had been legally established on that line sixty feet wide. In this we think the court committed error, even though the legislature had not declared that all section-line roads in Rawlins county should be sixty feet wide. If a legal road sixty feet in width was actually in existence, as defendant claims, it would require some sort of proceeding to vacate a part of it in order to make it forty feet wide. Section 2 of the act of 1887 provides that upon a proper petition the commissioners may vacate any portion of a section-line road found to be impracticable. It is not claimed that any proceedings were ever had for the purpose of vacating part of the highway in question.

In the face of the express declaration of the legisla-

ture that all section-line roads in Rawlins county shall be sixty feet wide, except where some portion thereof is vacated by the county commissioners upon a petition under the provisions of the general road law, it might be a serious question whether the commissioners have authority to grant a petition laying out a road of less width on section lines, or whether they have authority to entertain any petition for laying out a public road on section lines. These questions have not been suggested in the briefs or arguments and therefore need not be decided.

One other question remains. The plaintiff urges that the defendant is estopped to claim that the forty-foot road was not legally established because it appeared in the proceedings and presented a claim for damages. As we view it, there was no estoppel nor any inconsistency in the attitude of the defendant in this respect. Its claim for damages was predicated solely upon the claim that there was about to be established a road forty feet wide; it expressly disclaimed damages if its objection to the proceedings was held good.

For the error in excluding the testimony offered the judgment is reversed and the cause remanded for another trial.